■ Shlomo Gavey, Respondent, v Haya Gabbay, Also Known as Chaya Gavey, Appellant, et al., Defendants. [761 NYS2d 497] —In an action, inter alia, to quiet title to certain parcels of real property, the defendant Haya Gabbay, also known as Chaya Gavey, appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated December 11, 2001, which, inter alia, denied her cross motion for summary judgment dismissing the complaint insofar as asserted against her, granted the plaintiff's motion for summary judgment on the complaint, and directed that the sheriff's deeds to certain parcels of real property and a certain mortgage be vacated, that the city register record title to the parcels of real property and mortgage in the plaintiff's name, and that she perform an

accounting with respect to the parcels of real property and mortgage.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion for summary judgment on the complaint and directing that the sheriff's deeds to certain parcels of real property and a certain mortgage be vacated, that the city register record title to the parcels of real property and mortgage in the plaintiff's name, and that Haya Gabbay, also known as Chaya Gavey, perform an accounting with respect to the parcels of real property and mortgage, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.

In 1993 the plaintiff, Shlomo Gavey, obtained a money judgment in the total sum of $1,033,936 against his brother, the defendant Abraham Gabbay (hereinafter Abraham). Thereafter, Abraham pledged his shares in certain corporations owning certain parcels of real property and a mortgage as security for the payment of the judgment. In 1999 the appellant was granted a judgment of divorce from her husband Abraham. In an equitable distribution of marital assets, the appellant was awarded title to the aforesaid real property and mortgage. Sheriff's deeds to the parcels of real property were executed and delivered to the appellant, who remains in possession.

The plaintiff commenced the instant action to quiet title to the corporate property asserting that he has a superior right to the property than the appellant. The Supreme Court, inter alia, denied the appellant's motion for summary judgment dismissing the complaint insofar as asserted against her and granted the plaintiff's motion for summary judgment on the complaint. We modify.

While the Supreme Court properly denied summary judgment to the appellant, it was error to award summary judgment to the plaintiff on the complaint. There are issues of fact with respect to the plaintiff's claim concerning title to the parcels of real property and the mortgage (see CPLR 3212). Accordingly, the plaintiff's motion for summary judgment on the complaint should have been denied.

The appellant's remaining contentions are without merit. Smith, J.P., Goldstein, McGinity and Mastro, JJ., concur.